**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LEONA WILLCOCKSON**
**and NICHOLAS CORTEZ ADDISON**                               **PLAINTIFFS**

**V.**                          **CASE NO. 3:15-CV-00154 DPM/BD**

**JOEY MARTIN**                                              **DEFENDANT**


### INITIAL ORDER FOR PRO SE PRISONER-PLAINTIFFS

Plaintiffs Willcockson and Addison filed this federal civil rights lawsuit pro se,

that is, without the help of a lawyer.  There are rules and procedures that Plaintiffs must

follow in order to proceed with your lawsuit, even though they are not a lawyers.

**First: Follow All Court Rules.**  Plaintiffs must comply with the Federal Rules of
Civil Procedure as well as Local Rules for the Eastern District of Arkansas.
Copies of rules can be found in the jail library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs who are not
represented by a lawyer:

1.  You must promptly notify the Clerk and the other parties in the case
    of any change in address.  You must inform the court if you are
    transferred from one unit to another.  Notifying the court of your
    change in address is especially important if you are released from
    custody while your lawsuit is pending.  If you do not keep the court
    informed as to your current address, your lawsuit can be dismissed.
2.  You must monitor the progress of your case and prosecute the case
    diligently.
3.  You must sign all pleadings and other papers filed with the court,
    and each paper you file must include your current address.
4.  If you fail to timely respond to a Court Order directing action on
    your part, the case may be dismissed, without prejudice.

**Second: Pay the Filing Fee.**  Every civil case filed by a prisoner – including this
one – requires each plaintiff to pay a filing fee either at the beginning of the

lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply to proceed *in forma pauperis* ("IFP").  Although Mr. Addison filed an application to proceed IFP, he did not submit all necessary documents.  **His IFP motion (docket entry #1), therefore, is DENIED**.  Ms. Willcockson has neither paid the filing fee nor filed an IFP application.

The Clerk of Court is directed to send each Plaintiff an IFP application along with a copy of this order.  <u>**Each Plaintiff must return a completed IFP application, including an accompanying affidavit and jail account information sheet, or pay the $400.00 filing fee within thirty (30) days of the date of this order. Otherwise, the lawsuit will be dismissed.**</u>

**Third: No Right to Appointed Counsel.**  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.  If the case proceeds to a jury trial, however, a lawyer will be appointed to assist Plaintiffs before trial.

**Fourth: Do Not File Your Discovery Requests.**  Discovery requests, such as interrogatories and requests for documents, are not to be filed with the court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer).  No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Fifth: Do Not Send Documents to Court Except in Two Situations.**  You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Sixth: Provide a Witness List.**  If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list.  After reviewing the witness list, the Court will subpoena necessary witnesses.

IT IS SO ORDERED, this 9th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE