IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS CORTEZ ADDISON                                                    PLAINTIFF

V.                            CASE NO. 3:15-CV-00154 DPM/BD

JOEY MARTIN                                                                DEFENDANT

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**   **Background:**

Nicholas Cortez Addison, an Arkansas Department of Correction inmate formerly housed in the Poinsett County Detention Center, filed this lawsuit pro se under 42 U.S.C. § 1983 on behalf of himself and Leona Willcockson.  (Docket entry #2)  Mr. Addison claims that Defendant Martin used excessive force against him by restraining him in tight handcuffs for at least five hours, resulting in scarring and bleeding.  In his original complaint, Mr. Addison named Defendant Martin as the only Defendant and sued him in both his individual and official capacities.

The Court previously dismissed Mr. Addison's official capacity claim against Defendant Martin. (#19) In addition, the Court has dismissed Ms. Willcockson as a party plaintiff. (#26)

Defendant Martin has now moved for summary judgment on Mr. Addison's claims against him, arguing that Mr. Addison failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (#33) Mr. Addison has not responded to the Defendant's motion and the time for doing so has passed.

The Court recommends that the Defendant's motion (#33) be GRANTED, and that Mr. Addison's claims be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

### III. Discussion:

A. Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

B. Exhaustion

The PLRA requires the Court to dismiss claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies

"means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").  Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

    Here, in his complaint, Mr. Addison admits that he failed to file a grievance concerning the events giving rise to this lawsuit.  (#2 at p.3)  He explains that he did not file a grievance because "we heard him call me that."  (#2 at p.4)  As noted, however, Mr. Addison's beliefs regarding the grievance process cannot justify his failure to exhaust.

    Mr. Addison has failed to come forward with any evidence to show that he fully exhausted his claims against Defendant Martin.  As a result, he has failed to create a genuine issue of material fact regarding this issue and his claims must be dismissed, without prejudice.

**IV.**    **Conclusion:**

    The Court recommends that the Defendant's motion for summary judgment (#33) be GRANTED, and that Mr. Addison's claims be DISMISSED, without prejudice.

    DATED this 16th day of December, 2015.

                                                    _____
                                                  UNITED STATES MAGISTRATE JUDGE